**EPIC ENTERPRISES, INC., an Oklahoma Corporation, Plaintiff,**

v.

**Dr. John E. BROTHERS et al., Defendants.**

**No. 74–C–296.**

United States District Court, N. D. Oklahoma, Civil Division.

Jan. 3, 1975.

See also D.C., 395 F.Supp. 773.

Richard T. Sonberg, Tulsa, for plaintiff.

Robert H. Tips, Tulsa, Okl., for Holbrook.

John R. Richards, Tulsa, Okl., for all other defendants.

## ORDER

DAUGHERTY, District Judge.

Plaintiff filed this action seeking damages for alleged violations of Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), and Securities and Exchange Commission Rule 14(a)–9, 19 CFR 240–14(a)–9, promulgated thereunder. The Court has sustained Defendants' Motion To Dismiss for failure to state a claim upon which relief can be granted. Defendants have filed herein a Motion to Assess Costs and Attorneys' Fees against the Plaintiff. The Motion is opposed by Plaintiff. As the parties have, subsequent to the filing of this Motion, agreed among themselves as to the payment of the costs of the action, the only issue which is now before the Court is whether Defendants' legal fees incurred in the defense of this action should be assessed against Plaintiff.

In the United States it is a well settled general rule that attorneys' fees are not taxable as costs against the party defeated in a lawsuit. 10 Federal Practice and Procedure, Wright & Miller, § 2675, 6 Moore's Federal Practice, 1703–1704. There are several exceptions to this general rule. Defendants at-

tempt to bring themselves within the exception recognized in Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970). This exception is to the effect that attorneys' fees may be recoverable in an action in which a plaintiff has successfully maintained a suit, usually on behalf of a class, that benefits a group of others in the same manner as himself. The theory behind this exception is that to allow the others to obtain the full benefit of the plaintiff's efforts without contributing to the litigation expenses would be to unjustly enrich the others at the plaintiff's expense.

 Defendants argue that this rule would have permitted Plaintiff to recover its attorneys' fees if they had been successful, therefore, they should be permitted to recover their attorneys' fees having successfully defended the action. Defendants' reasoning is defective, for in the same opinion, Mills v. Electric *Auto-Lite, supra,* the Court stated:

> "To award attorneys' fees in such a suit to a plaintiff who has succeeded in establishing a cause of action is not to saddle the unsuccessful party with the expenses but to impose them on the class that has benefited . . . ."

Thus, the rationale behind this exception does not apply to Defendants herein. To charge Plaintiff would be to saddle the unsuccessful litigant with the attorneys' fees of the successful party. This is clearly not what the Court contemplated in *Mills.* This exception allows the charging of attorneys' fees to parties benefitted by a successful litigant's efforts, not the charging of such fees to the defeated parties.

Defendants further argue that they should be allowed to recover their attorneys' fees herein as 15 U.S.C. § 78r allows the recovery of such fees, in the discretion of the Court, and the proxy statement which gave rise to this litigation was filed with the Securities and Exchange Commission, prior to its distribution, pursuant to the provisions of 15 U.S.C. § 78r. Here again Defendants' reasoning is defective. A violation of 15 U.S.C. § 78r gives rise to a separate cause of action rather than a violation of 15 U.S.C. § 78n(a) which is herein involved. The fact that Congress specifically provided for attorneys' fees under 15 U.S.C. § 78r and did not so provide in 15 U.S.C. § 78n(a) indicates that Congress did not intend that attorneys' fees be available under 15 U.S.C. § 78n(a). Furthermore, attorneys' fees are discretionary with the Court under 15 U.S.C. § 78r and the Court would not, if the same rule applied under both sections, grant Defendants' attorneys' fees in this case in the discretion of the Court. The law pertaining to causation under 15 U.S.C. § 78n(a) on the basis of which Plaintiff's action was dismissed is complex and developing. There is nothing before the Court which would indicate less than good faith on the part of the Plaintiff. Therefore Defendants' Motion should be overruled.

It is so ordered this 3d day of March, 1975.